**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4655**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOHAMMED KWANING,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cr-00600-GLR-2)

Submitted:  July 31, 2019                                   Decided:  September 10, 2019

Before AGEE, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Daniel A. Loveland, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammed Kwaning appeals his jury conviction and sentence for bank and wire fraud conspiracy, aggravated identity theft, five counts of bank fraud, and two counts of wire fraud. On appeal, he argues the district court erred in denying his request for an audio recording of a pretrial hearing, in admitting evidence, and in sentencing him. We affirm.

Kwaning first contends the district court erred in denying his request to access the audio recording of a pretrial hearing. We review a district court's compliance with the Court Reporter Act (CRA), 28 U.S.C. § 753 (2012) de novo. *United States v. Graham*, 711 F.3d 445, 451 (4th Cir. 2013). Under the CRA, a certified transcript "shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). While a defendant has the right to a meaningful appeal with the assistance of a complete transcript, he "must show that the transcript errors specifically prejudiced his ability to perfect an appeal." *Graham*, 711 F.3d at 451-52 (internal quotation marks and citations omitted). We have reviewed the record and conclude that the district court did not err in denying Kwaning's request for an audio recording of the pretrial hearing, and he has not shown any prejudice by the alleged error. He contends the district court's statement in the certified transcript is inconsistent; but the district court issued a written order after the pretrial hearing that corrected any misstatement and became the operative ruling.

Kwaning next argues the district court erred in admitting evidence of his statements under oath about an insurance claim. The district court granted the Government's motion to admit the evidence as intrinsic to its case, or alternatively, pursuant to Fed. R. Evid. 404(b). We review a district court's evidentiary rulings for an abuse of discretion and will

2

only overturn a ruling that is arbitrary and irrational. *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (citation omitted). Even if there is error, "we will not vacate a conviction if an error was harmless." *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019) (citation omitted). "Federal Rule of Evidence 404(b)(1) prohibits evidence of a 'crime, wrong, or other act' from being used 'to prove a person's character.'" *Id.* "But the rule does not prohibit such evidence from being used for another purpose, such as, for example, proving motive, opportunity, or intent"; and it "does not affect the admission of evidence that is 'intrinsic to the alleged crime.'" *Id.* at 430 (citations omitted). Evidence is intrinsic if it involves the same series of transactions or "is 'necessary to complete the story of the crime on trial.'" *Id.* (citations omitted). Even where it is extrinsic, evidence may be admitted where it is (1) relevant to an issue other than character; (2) necessary; (3) reliable; and (4) its probative value is not substantially outweighed by confusion or unfair prejudice. *United States v. Hall*, 858 F.3d 254, 256 (4th Cir. 2017) (citations omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in admitting Kwaning's statements. The evidence included information intrinsic to the Government's case in establishing a conspiracy and connecting him to other pieces of evidence of the fraud scheme. The evidence was also relevant, necessary, and reliable; and its probative value was not substantially outweighed by the risk of unfair prejudice.

In his third issue, Kwaning contends the district court plainly erred in admitting a co-defendant's statements in violation of his constitutional right to confrontation and *Bruton v. United States*, 391 U.S. 123 (1968). Because he did not raise the issue in the district court, our review is for plain error. Thus, he must show error that is plain, and that

3

his substantial rights were affected. *United States v. Olano*, 507 U.S. 725, 732-37 (1993). We have reviewed the record and conclude that Kwaning fails to make this showing. "In *Bruton v. United States*, the Supreme Court acknowledged that the prejudice resulting from the introduction of a non-testifying codefendant's confession that directly implicates the defendant is so severe that even when the jury is instructed to consider the confession only against the codefendant, the other defendant's Sixth Amendment right to confrontation is necessarily violated." *United States v. Min*, 704 F.3d 314, 319-20 (4th Cir. 2013) (citing *Bruton*, 391 U.S. at 135-37). In this case, it is not clear the statements of Kwaning's co-defendant were a confession or that they directly implicated Kwaning; and he fails to make a sufficient showing that his substantial rights were affected by the alleged error.

Finally, Kwaning challenges the procedural reasonableness of his sentence. "As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We first ensure the district court committed no significant procedural error such as basing its sentence on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Preponderance of the evidence is the appropriate standard of proof for sentencing purposes." *United States v. Grubbs*, 585 F.3d 793, 803 (4th Cir. 2009). We "'must reverse if we find error, unless we can conclude that the error was harmless.'" *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014) (citation omitted). We review claims raised for the first time on appeal for plain error. *Grubbs*, 585 F.3d at 800.

4

"It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks and citation omitted). Courts have "long recognized that sentencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence." *United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (internal quotation marks and citations omitted). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (2012); *United States v. Ventura*, 864 F.3d 301, 312 (4th Cir. 2017).

Kwaning argues the district court erred in considering evidence of his conduct that was alleged in dismissed counts; and it did not find his participation in the alleged conduct by a preponderance of the evidence. Since he did not object on this basis in the district court, we review this aspect of his claim for plain error; and we conclude he has not shown plain error affecting his substantial rights. Based on the context of the district court's statements, in light of the sentencing hearing as a whole, we conclude that it found only some of the alleged conduct was proven. Moreover, Kwaning's counsel conceded some of that conduct. The district court also declined to consider that conduct to calculate his Guidelines range, and it sustained his objection to the enhancement. The district court adequately explained its decision to sentence him at the high end of his Guidelines range

5

due to the serious nature and circumstances of his large-scale bank fraud scheme, his lack of remorse, and the need to deter criminal conduct and protect the public from his crimes.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*